UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-

HEIDI K. ERICKSON
    Plaintiff

v.

VERIFIED COMPLAINT

COMMITTEE FOR PUBLIC COUNSEL SERVICES (CPCS)
William Leahey, Executive Director, CPCS
Patricia Wynn, Deputy Director, CPCS
Nancy Bennett, Director Private Counsel, CPCS
Commonwealth of Massachusetts, COM
Margaret Marshall, Chief Justice of the Supreme Judicial Court
Thomas Reilly, Attorney General
Daniel Conley, District Attorney, Suffolk County, MA
Amy McNamee, Assistant District Attorney, Suffolk County, MA
    Defendants

MAGISTRATE JUDGE 

1. The Plaintiff relies upon related federal cases 03-CV-10785 (RCL) and 03-CV-10460 (NMG).

2. Plaintiff Heidi K. Erickson a resident of Winthrop, Massachusetts formerly of Beacon Hill, disabled according to the definitions made pursuant to those found in the Americans with Disabilities Act and qualified to proceed *in forma pauperis* pursuant to 28 USC sect. 1915 and for services supplied by the Commonwealth of Massachusetts through the Defendants CPCS.

3. William Leahy, Director of the Committee for Public Counsel Services is name a Defendant herein and is being sued in his profession capacity as Director and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents and subcontractors. "Leahy" at all material times has a duty, is responsible and duly appointed, employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her rights secured by the Constitution.

4. Patricia Wynn, Deputy Director of the Committee for Public Counsel Services is name a Defendant herein and is being sued in her profession capacity as Deputy Director and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of her employees, agents and subcontractors. "Wynn" at all material times has a duty, is responsible and duly appointed, employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her rights secured by the Constitution.

5. Nancy Bennett, Director of Private Counsel for the Committee for Public Counsel Services hereinafter referred to as 'CPCS' and or 'Bennett' is name a Defendant herein and is being sued in her profession capacity as Director and individually as responsible to Plaintiff Erickson and responsible for the supervision and training of those whom she employees. Bennett at all material times responsible and duly appointed, employed by the Commonwealth of Massachusetts during all relevant times hereto deprived Plaintiff her rights secured by the Constitution.

6. Marshall, Leahey, Wynn, Bennett are collectively called the "CPCS Defendants.

1

7. Margaret Marshall, Chief Justice of the Supreme Judicial Court in Massachusetts, ultimately responsible for the funds allocated to the CPCS and responsible for the supervision of the employees and management of the CPCS.

8. Thomas Reilly, Attorney General for the Commonwealth of Massachusetts is named a Defendant herein being sued in his professional capacity for his negligence in training and supervision, condoning discrimination, condoning prosecutorial misconduct and for failing to prevent the constitutional deprivations he encourages, negligently and maliciously fails in the training and supervising of his staff.

9. Daniel Conley, District Attorney for Suffolk County, is named a Defendant herein and is being sued in his professional under the code of ethics, his capacity for malicious prosecution and for failing, negligently, while being responsible for the training and supervision of his employees.

10. Amy McNamee, Associate District Attorney for Suffolk County, is named a Defendant herein and is being sued in her professional capacity for violations in the code of ethics, and for malicious prosecution.

11. Reilly, Conley and McNamee are collectively called the "AG Defendants".

12. The foregoing Defendants, their Departments, agencies, and committees are all governmental entities acting under the power and prestige of the Commonwealth of Massachusetts.

JURISDICTION

This action arises under not only out of the Sixth, Amendment to the United States Constitution, and the Civil Rights Act of 1870, 42 USC sec 1983 et seq. and those related to Article 14 and 15 of the Massachusetts Constitution,

This Honorable Court has subject matter jurisdiction of this action pursuant to 28 USC sec 1331 & 1343, 42 USC sec 1983, and there is no jurisdictional requirement as to the amount of damages claimed and as to counts in this Complaint which are based on state law are a basis for invoking the supplementary jurisdiction of this Court pursuant to 28 USC sec 1367a.

COUNT I
42 USC sec 1983 – DEPRIVATION OF EFFECTIVE COUNSEL
(6th Amendment)
Upon all CPCS Defendants and Marshall
As set forth in the Complaint.

COUNT II
42 USC sec 1983 – CONSPIRACY TO COMMIT A DEPRIVATION OF A CONSTITUTIONAL PROTECTION
(6th Amendment)
Upon all CPCS Defendants and Marshall
As set forth in the Complaint.

COUNT III
DEPRIVATION OF ACCESS TO THE COURTS AND RIGHTS TO A FAIR TRIAL
(15th Article to the Mass. Constitution)
Upon all Defendants
As set forth in the Complaint.

2

COUNT IV
CONSPIRACY TO COMMIT DEPRIVATION OF ACCESS TO THE COURTS AND
RIGHTS TO A FAIR TRIAL
(15th Article to the Mass. Constitution)
Upon all Defendants
As set forth in the Complaint.

COUNT V
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Upon all Defendants
As set forth in the Complaint.

COUNT VI
NEGLIGENCE
Upon all Defendants
As set forth in the Complaint.

COUNT VII
NEGLIGENT TRAINING AND SUPERVISION
Upon all Defendants Leahey, Reilly, Conley and Marshall
As set forth in the Complaint.

COUNT VIII
NEGLIGENT INFLICTION OF EMOTOINAL DISTRESS
Upon all Defendants
As set forth in the Complaint.

COUNT IX
CONSPIRACY TO AID IN MALICIOUS PROSECUTION
Upon all Defendants
As set forth in the Complaint.

COUNT X
VIOLATION OF RULES OF PROFESSIONAL CONDUCT MALICIOUS PROSECUTION
RULE 3.6 TRIAL PUBLICITY

COUNT XI
VIOLATION OF RULES OF PROFESSIONAL CONDUCT MALICIOUS PROSECUTION
RULE 3.8 (e) PROSECUTION MISCONDUCT

COUNT XII
VIOLATION OF RULES OF PROFESSIONAL CONDUCT MALICIOUS PROSECUTION
RULE 3.8 (g) PROSECUTION MISCONDUCT

COUNT XIII
VIOLATION OF RULES OF PROFESSIONAL CONDUCT MALICIOUS PROSECUTION
RULE 3.8 (j) PROSECUTION MISCONDUCT

COUNT XIV
VIOLATION OF RULES OF PROFESSIONAL CONDUCTMALICIOUS PROSECUTION
RULE 4.1 (a) PROSECUTION MISCONDUCT

## FACTS

1. This is an action for the deprivations of Erickson's rights protected under: the Sixth Amendment not all exclusive to effective counsel; 14th Amendment rights of due process rights, those protections under the Massachusetts Constitution Article 15, torts that Defendant's maliciously, negligently and intentionally committed under the color of law to deprive Erickson those protections established by the Constitution of the United States and those provisions of the Constitution of Massachusetts and those claims of conspiracy to commit deprivation of right to a effective legal defense lawyer in face of Ms. Erickson's indigency.

2. On or about 7/1/03 Plaintiff, a person known to be disabled, previously known by Defendants was arraigned on frivolous charge of one count of animal cruelty on a grey kitten and appointed a defense attorney assigned through a state agency named herein the above captioned Committee for Public Counsel Services "CPCS".

3. Plaintiff sent numerous letters and tried several visits, and telephone calls regarding ineffective counsel to no avail defendants ignored Plaintiff to further deprivation of her 6th Amendment right to effective counsel. On or about March 15th, 2004 and after months of Plaintiff's complaints for the preservation of evidence only after Plaintiff filed a Motion in the Jurisdiction upon which is hearing criminal charges against her.

4. On March 15th, 2004 Plaintiff was under such duress from the lack of effective counsel she herself filed a Motion to Preserve Evidence the Dog and cats of which the Commonwealth claimed its evidence and had threatened to euthanize.

5. On or about March 14th, 2004 Plaintiff first received the copies of the medical records of said evidence of the alleged charge filed against her 9 months before and her defense had yet to make an effective expert examination of the said animal evidence.

6. March 2004 Plaintiff demanded a Re-Hearing on Motion to Suppress and Defense Counsel (Nehring) withdrew and it asked another attorney (Loh) to make an appearance – he was also ineffective counsel. Plaintiff requested of the CPCS for effective counsel, it denied her, ignored her and refused to address the growing problem of ineffective representation and deprivations of Plaintiff's protected 6th Amendment rights.

7. Plaintiff opposed the reassignment one two grounds that the reassignment would prolong the criminal prosecution, increasing public scorn, defamation jeopardizing her chances of gainful employment, that if there were a reassignment counsel on a related case would prevent further delays and further ineffective counsel, while the Boston Municipal Court (hereinafter "BMC") Ordered Defendant Bennett to consult with the Judge about the assignment – Bennett ignored this Order. Plaintiff claims ineffective counsel delayed her defense, wasted judicial time, deprive her of adequate representation, and improperly made her appear with scorn in the publics eye and deprived her of her right to adequate effective defense representation the guarantees of the Constitution. The Court Ordered the Defendant Bennetts of the CPCS to call the Judge, Defendant Bennett refused, failing and further depriving Defendant her rights to effective counsel.

8. The BMC, on April 9th, 2004 allowed a new Defense Counsel (Loh) despite objections from Plaintiff and Ordered this Defense Counsel 6 weeks to "catch-up" to familiarize himself with the case. On June 29th, 2004, more then 6 weeks later, this Defense Counsel

4

argued in front of the BMC two Motions: for Funds and the Return of Property. When the BMC asked what was the case all about the Defense Counsel Loh inaccurately argued facts not in the records, recited an inaccurate chronology, misstated the charges and did not argue case law and/or support his argument with statutory authority. The Defense Attorney Loh even had several discussions with Plaintiff immediately prior to his argument in Court regarding the facts, chronology and had available in the case file the same including the statutory authority but failed depriving Plaintiff of effective representation in violation of her 6th Amendment rights and by his unprofessional conduct which in turn deprived Plaintiff adequate funds for proper pretrial investigation and preparation and inability to argue the caselaw and facts correctly deprived Plaintiff wrongly of her property thereby facilitating additional constitutional damage.

9. In the immediate weeks leading up to the incident described hereinabove on June 29th, 2004 Plaintiff had complained to CPCS and Defendants directly making the Defendants aware of problems with the Defense Counsel and May 21st, 2004 filed an official complaint at the offices of the CPCS, followed by another on June 30th, 2004 both reciting facts of ineffective counsel. None of Plaintiff's complaints were acted on.

10. On July 8th, 2004 Plaintiff under duress and in fear of further unprofessional conduct, inadequate representation and further constitutional harms including the total loss of her liberty requested the Boston Municipal Court to discharge her attorney and allow her pro se by allowing her to file a Motion to Discharge Counsel and Proceed Pro Se while she was drafting this Complaint herein she could wait no further the CPCS by its refusal to discharge and reassign her adequate counsel was harming her. Plaintiff would not have filed said Motion if she had been provided adequate and effective counsel.

11. Defendants Leahy, Wynn, and Bennett of the CPCS and its agents, at all times material herein, was charged with the duty to ensure Plaintiff's 6th Amendment rights to effective, adequate Defense Counsel, training and supervision of its employees including but not limited to it's subcontractors (private Defense Counsel) appointed to represent Plaintiff. Each Leahy, Wynn and Bennett knew of their duty, and that they are collectively and independently responsible for the ultimate decision to train, and supervise Defense Counsel and employees; provide fair and adequate access to effective counsel to Plaintiff and according to the US and the Massachusetts Constitution and at all time material herein wrongly intentionally, negligently, discriminately and maliciously deprived Plaintiff her rights.

12. Leahy, Wynn and Bennett knew and or should have known that their individual and concerted actions were wrong, intentionally made a great effort to both interfere and deprive Plaintiff her 6th Amendment right to effective counsel but also condoned defamation, public scorn and deprived Plaintiff her established rights protected by the Constitution and conspired to deprive Plaintiff her liberty.

13. Leahy, Wynn and Bennett independently and jointly knowingly and in a concerted, conspired and unlawful attempt deprived Plaintiff her protected rights, knowingly to ruin her reputation, impose great emotional damage, inflict pain and deprive her the established protections under the Constitution.

## ON COUNTS I-XIV

14. Plaintiff re-alleges and alleges the allegations of paragraphs 1-11 hereinabove and incorporates them by this reference as though fully set forth herein.

15. All at time relevant to the allegation of this Complaint, Plaintiff had a reasonable expectation of services from CPCS pursuant to their appointments, duties and promises.

16. At all times relevant to the allegations of this Complaint, each and every act alleged herein done by the Defendants, CPCS individually and through their agents, servants and employees, and each of them, were acting under a pre-planned agreement and as willful participants in a joint activity. When the Defendants CPCS (hereinafter "Defendants") refused to investigate, reassign Defense Counsel and or Defendant Bennett's refusal to respond to a Court Order the CPCS and Bennett individually and jointly did so for their benefit in doing so, Defendants and each of them, unlawfully deprived Plaintiff her 6th Amendment rights in violation of her constitutional rights. In doing so Defendants fraudulently held themselves out as to continue to satisfy constitutional and federal policies pretending to comply with such policies as a sham and in an concerted attempt to deprive negligently Plaintiff her 6th Amendment rights and protections and in a conspired attempt to deprive Plaintiff her 6th Amendment rights and liberties.

17. The acts of the Defendants CPCS, individually and through their agents, servants and employees, and each of them, were clearly supported by the power, property and prestige of the State Government which imbued them with the power and prestige of Government officials. As a consequence individually and through their agents, servants and employees, and each of them, were acting under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts and the United States. Defendants, and each of them, were clothed with the authority of the State and were purporting to act thereunder.

18. The action against the Defendants CPCS, individually and through their agents, servants and employees, for violations to and deprivations of constitutional rights and privileges under color or authority of State law, is actionable under 42 USC section 1983.

19. The Defendants are not immune to a civil action for 6th Amendment violations by state officials acting in their official capacity.

20. Damages are an appropriate and judicially manageable remedy for a deprivation of protected constitutional interests in justice and liberty, for the case presents a focused remedial issue without difficult questions of causation and valuation, and there are no applicable special factors counseling hesitation in the absence of affirmative action by Congress.

21. Pursuant to the Defendants CPCS and its employees and agents long-standing policy, custom and practice to fund, support, train, supervise Court Appointed Defense Counsel(s) and to fund these subcontractors, their employees and agents facilitated and conspired with each other allowing and/or condoning the ineffective, inadequate representation of Plaintiff's criminal charges to continue in an attempt to violate and deprive her of her constitutional protections and guarantees.

22. Said actions willfully exceeded the authority of the Defendants CPCS and its employees and agents. The said Defendants, and each of them personally participated in the deprivation of plaintiff's 6th amendment rights but also set into motion a series of acts by others which they knew or reasonably should have known would cause others to inflict constitutional injury upon Plaintiff.

23. Because of the above-recited facts, the Defendants CPCS individually and through their agents, servants and employees, and each of them, under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts deprived Plaintiff of her rights, privileges and immunities secured to her by the United States Constitution, including, but not limited to:
    a. Plaintiff's 6th Amendment right to effective counsel; and
    b. Plaintiff's rights to due process, and rights to access the courts, to be
    c. Maintain and provide effective Defense Counsel,
    d. To be presumed innocent and not tortured nor discriminated against while being accused,
    e. Conspiracy to deprive rights of liberty.

24. The actions of each Defendants CPCS violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.

25. The actions of each Public Defendants impeded and hindered the course of justice with the intent to deny Plaintiff the equal protection of the laws, a speedy trial and effective counsel and her liberty.

26. As a direct and proximate result of the outrageous and wrongful acts of each of the Defendants, plaintiff suffered extreme indignities and humiliation, severe emotional and physical distress, pain and suffering, mental anguish, loss of liberty and loss of standing in the community and has been held up to ridicule before her peers for over a year where several pretrial policies and practices were ineffectively condoned possibly irreparably harming Plaintiff. Plaintiff, at the time of this filing, is not fully aware of the extent to all the harm, damages the ineffective counsel has placed upon her and will ask this court for leave to file an amended Complaint when that if fully appreciated.

27. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

28. The CPCS Defendants and each of them individually and in concert acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard of Plaintiff's constitutional rights and the possible consequences of their conduct. Accordingly, Plaintiff is entitled to and hereby demands punitive and exemplary damages by way of punishing and deterring the CPCS Defendants in an amount to be determined at trial.

29. The actions of CPCS Defendants, jointly, and severally, entitle Plaintiff to an award of exemplary and punitive damages.

ON COUNTS X-XV

30. On 4/27/03 the Commonwealth of Massachusetts and by its agents, servants and authorities seized all Plaintiff's belongings from within her Beacon Hill apartment much of it, if not all, exculpatory and refuses to provide Plaintiff and/or her defense counsel with an opportunity to examine the evidence, and/or retain the property of Plaintiff.

31. On 7/1/03 the Commonwealth of Massachusetts and by its agents and authorities also through the AG Defendants charges Plaintiff one count of animal cruelty of one grey kitten following a probable cause hearing where it alleged 5 cats and one dog. Despite the fact that the dog was seized from Plaintiff's apartment without a search warrant and that over a month later the BMC clerk did not make a finding of probable cause to issue a criminal complaint for the dog, Plaintiff's purebred Harlequin, show quality, highly trained to accommodate Plaintiff's disability seizure disorder appraised at $50,000.00 refused maliciously to return the dog to her.

32. On several dates October, June and July the Commonwealth, its agents and the AG Defendants denied access to the Plaintiff's property, denied Plaintiff and/or her Defense Counsel examination thereof exculpatory evidence that was seized, refused to issue an inventory of the seized property and by misrepresenting the facts, intimidation by filing malicious additional charges, fraudulent misrepresentations to the Boston Municipal Court the Commonwealth by it agents and AG Defendants maliciously prosecute Plaintiff and commit unethical misconduct, deprive Plaintiff her rights to due process.

33. On 8/23/03 Plaintiff's Defense Attorney requested of the AG Defendants/Commonwealth for the 911 tarett tape its and it's agents were in control of and had custody thereof including the names of those who were involved with removing the security grate off the window of Plaintiff's BeaconHill apartment thus facilitating the unlawfull, and warrantless entry. The Commonwealth and its agent AG Defendants refuses to provide such discovery and evidence and the Boston Municipal Court refuses to enforce Defendants rights to effective counsel and/or exculpatory evidence while the AG Defendant misrepresent that it doesn't have the evidence, control of it, and/or custody of it and unethically prosecutes this case while performing other prosecutorial misconduct.

34. At all times relevant to the allegations of this Complaint, each and every act alleged herein done by the AG Defendants, individually and through their agents, servants and employees, and each of them, were acting under a pre-planned agreement and as willful participants in a joint activity. When the AG Defendants individually and jointly did so for their benefit in doing so, Defendants and each of them, unlawfully and unethically in violation of Codes of Professional Conduct deprived Plaintiff her rights to due process and others in violation of her constitutional rights. In doing so Defendants fraudulently held themselves out as to continue to satisfy constitutional and federal policies pretending to comply with such policies as a sham and in an concerted attempt to deprive negligently Plaintiff's protections and guarantees in a conspired attempt to deprive Plaintiff her rights and liberties.

35. The acts of the AG Defendants, individually and through their agents, servants and employees, and each of them, were clearly supported by the power, property and prestige of the State Government which imbued them with the power and prestige of Government officials. As a consequence individually and through their agents, servants and employees, and each of them, were acting under the color or authority and pretenses of

the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts and the United States. Defendants, and each of them, were clothed with the authority of the State and were purporting to act thereunder.

36. The action against the AG Defendants, individually and through their agents, servants and employees, for violations to and deprivations of constitutional rights and privileges under color or authority of State law, is actionable under 42 USC section 1983.

37. The AG Defendants are not immune to a civil action for constitutional violations resulting from its ethical breaches and prosecutorial misconduct violations by state officials acting in their official capacity.

38. Damages are an appropriate and judicially manageable remedy for a deprivation of protected constitutional interests in justice and liberty, for the case presents a focused remedial issue without difficult questions of causation and valuation, and there are no applicable special factors counseling hesitation in the absence of affirmative action by Congress.

39. Pursuant to the AG Defendants and its employees and agents long-standing policy, custom and practice to fund, support, train, supervise Assistant District Attorney to Prosecute on behalf of the Commonwealth, their employees and agents facilitated and conspired with each other allowing and/or condoning the misconduct described herein, including destruction of evidence, fraud upon the court, in an attempt to violate and deprive her of her constitutional protections and guarantees.

40. Said actions willfully exceeded the authority of the AG Defendants and its employees and agents. The said Defendants, and each of them personally participated in the deprivation of plaintiff's rights but also set into motion a series of acts by others which they knew or reasonably should have known would cause others to inflict constitutional injury upon Plaintiff.

41. Because of the above-recited facts, the AG Defendants individually and through their agents, servants and employees, and each of them, under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts deprived Plaintiff of her rights, privileges and immunities secured to her by the United States Constitution, including, but not limited to:
    a. Plaintiff's rights to due process, and rights to access the courts, to be
    b. To be presumed innocent and not tortured nor discriminated against while being accused,
    c. Conspiracy to deprive rights of liberty.

42. The actions of each AG Defendants violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.

43. The actions of each Public AG Defendants impeded and hindered the course of justice with the intent to deny Plaintiff the equal protection of the laws, a speedy trial and effective counsel and her liberty.

44. As a direct and proximate result of the outrageous and wrongful acts of each of the AG Defendants, Plaintiff suffered extreme indignities and humiliation, severe emotional and physical distress, pain and suffering, mental anguish, loss of liberty and loss of standing

9

in the community and has been held up to ridicule before her peers for over a year where several pretrial policies and practices were unethically condoned possibly irreparably harming Plaintiff. Plaintiff, at the time of this filing, is not fully aware of the extent to all the harm, damages the unethical, prosecutorial misconduct has placed upon her and will ask this court for leave to file an amended Complaint when fully appreciated.

45. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

46. The AG Defendants and each of them individually and in concert acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard of Plaintiff's constitutional rights and the possible consequences of their conduct. Accordingly, Plaintiff is entitled to and hereby demands punitive and exemplary damages by way of punishing and deterring the AG Defendants in an amount to be determined at trial.

47. The actions of AG Defendants, jointly, and severally, entitle Plaintiff to an award of exemplary and punitive damages.

**Prayer for Relief:**
1. Erickson relies upon her filed Motions for Preliminary Injunction, and those Motions requesting this court to appoint counsel to represent her interests.

2. Plaintiff relying upon related cases 03-CV-10785(RCL) and 03-CV-10460(NMG) requests the State Court (Boston Municipal Court Docket No. 0301-CR-3016, 5036-5040) to be enjoined from adjudicating criminal charges against her and that if these issues are adjudicated these be in the Federal Jurisdiction as the Defendant's bad faith actions are depriving Plaintiff her protections guaranteed by the Constitution protections of effective defense counsel and due process.

3. Erickson requests a permanent injunction upon the Defendants from depriving her rights protected by the 6th, 14th, due process and equal protection clauses of the Constitution.

4. Erickson requests that this Honorable Court appoint an Attorney to represent Plaintiff.

5. Wherefore, the Plaintiff also requests that this Honorable Court order that the Plaintiff retain all rights under and pursuant to the Constitution, State Laws, Federal Regulations and/or Codes and that she may not be required to give up any of these rights in order to proceed with this Federal Complaint while seeking relief.

6. Wherefore, the Plaintiff also requests that this Honorable Court bar all the Defendants and those in the related case above referenced 03-CV-10875 from instituting any action to slander, disseminate confidential information, other then in accordance with an order from this Court.

7. Erickson requests that this Honorable Court find in favor of all claims and/or any portion thereof and immediately return all her property including her cats, kittens, and various items seized from her Beacon Hill apartment during the unwarranted seizure on 4/27/03 – 5/2/03.

8. Erickson requests a permanent injunction upon the Defendant's CPCS and AG Defendants that if in the future Ms. Erickson requires a court appointed attorney that the case, and appointment be heard in the Federal District Court.

9. Erickson requests that this Honorable Court find in favor of all claims and/or any portion thereof and Order permanent removal of all files, reports, notes, emails, logs and all other mater relating to the criminal charges that make up the action resulted from the unwarranted search of her Beacon Hill Apartment that are in the custody and control of the Boston Municipal Court.

10. Erickson requests that this Honorable Court find in favor of all claims and/or any portion thereof and order treble damages, special damages, consequential, proximate and actual damages in the amount it deems fair and just.

11. Request is hereby made that a Bond be posted by Defendants equally and collectively ensure Plaintiff's adequate defense, in the amount of $100,000.00 One Hundred Thousand Dollars to ensure Plaintiff's liberty, safety and health.

Erickson requests a trial by jury in the Federal jurisdiction.

By signature hereunder I attest and sign here under the pains and penalties of perjury that the facts herein are true.

Respectfully submitted by:
Heidi K. Erickson, *pro se*   July 26, 2004

11

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Heidi K. Erickson,
Harvard Postal Station
Box 0444
Cambridge MA 02238

**DEFENDANTS** CPCS
Committee for Public Counsel Service
Com. of Mass. et al

(stamp: 04 11659 RCL)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se

ATTORNEYS (IF KNOWN) Com of Mass
Attorney General office
Thomas Reilly

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☑1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Deprivation of Constitutional Protections Question as to ___

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE RCL / NMG
DOCKET NUMBER 03-10785
03-10960

DATE 7-26-04
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Erickson v. CPCS__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   __Erickson vs Reilly    +    Erickson v. Mass Trial Court__
   __03-10785 RCL                                03-10460 NMG__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   (YES)    NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __HK Erickson__
ADDRESS __Harvard Postal Station Box 0444 Cambridge MA 02238__
TELEPHONE NO. __617-319-4400__

(Cover sheet local.wpd - 11/27/00)