UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEIDI K. ERICKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-11659-RCL |
| | ) |
| COMMITTEE FOR PUBLIC | ) |
| COUNSEL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied, and this action shall be dismissed.

FACTS

On July 26, 2004, plaintiff Heidi Erickson commenced this action by filing an application to proceed without prepayment of fees, a complaint, a motion for a preliminary injunction, and a motion for an oral hearing. Erickson names the Committee for Public Counsel Services ("CPCS") and its directors; the Commonwealth; the Chief Justice of the Supreme Judicial Court; the state Attorney General; and the district attorney and an assistant district attorney from Suffolk County as defendants.

Erickson is a defendant in state criminal proceedings involving charges of animal cruelty. Compl. p. 4. She alleges that the trial court appointed defense counsel from CPCS for her, and she contends that these attorneys have not provided her with effective assistance. Id. After at least one attorney appointed to defend Erickson was removed at her request and replaced with new counsel from CPCS, Erickson is now proceeding pro se in the criminal proceedings. Id. at p. 405. She seeks, among other things, orders enjoining the state court from adjudicating her criminal proceedings and

returning her seized cats, as well as monetary damages.  Compl. p. 10-11, Prayer for Relief.

This action appears to be at least the seventh action filed by Erickson in this Court based on events surrounding the seizure of diseased cats from her home, her state criminal proceedings on charges of animal cruelty, and her evictions from several residences due to the alleged unsanitary conditions resulting from her keeping of cats.[1]  Judge Woodlock of this Court has recently enjoined Erickson from filing additional papers in this Court absent leave of Court based on her history of frivolous filings.[2]  Erickson v. Somers, C.A. No. 04-10629-DPW, appeal filed, No. 04-1594.

---

[1] See, e.g., Erickson v. Kovacev, C.A. No. 03-10438-DPW (remanding; attempt to remove housing court proceedings to this Court); Erickson v. Administrative Office, et al., C.A. No. 03-10460-NMG (dismissing ADA claims based on alleged discriminatory treatment in state court proceedings); Erickson v. Reilly, et al., C.A. No. 03-10785-RCL (pending; plaintiff directed to demonstrate good cause why civil rights claims based on seizure of cats should not be dismissed); Erickson v. Watertown Health Dep't, et al., C.A. No. 03-10999-RCL (removed action administratively dismissed on abstention grounds; civil rights claims based on events surrounding seizure of cats); Erickson v. Somers, C.A. No. 04-10629-DPW (dismissing discrimination claims based on alleged dissemination of information about plaintiff's notoriety to prospective landlords), appeal filed, No. 04-1594; Erickson v. Commonwealth, et al., C.A. No. 04-11607-DPW (denying motion for a TRO, claims concerning alleged euthanasia of quarantined cats).

[2] Besides the actions discussed above, Erickson has filed nearly a dozen other cases in this Court and has been enjoined from filing claims against Harvard University and its employees.  See, e.g., Erickson v. Commonwealth, C.A. No. 94-10354-RWZ (granting respondent's motion to dismiss); Erickson v. Harvard Univ., C.A. No. 94-12472-RGS (granting defendant's motion to dismiss), appeal dismissed, No. 95-1335 (1st Cir. July 5, 1995); Erickson v. Harvard Univ., et al., C.A. No. 95-10698-PBS (dismissing action removed by defendants; Erickson enjoined from filing future suits against defendants) appeal dismissed, No. 95-2368 (1st Cir. Apr. 30, 1996); Erickson v. DeSouza, C.A. No. 95-10863-JLT (remanding to Middlesex Superior Court); Erickson v. Mass. Committee for Public Counsel Servs., et al., C.A. No. 95-12575-JLT (dismissing under former § 1915(d)); Maziarz, et al. v. Erickson, C.A. No. 96-10719-MLW (remanding); Erickson v. Cambridge/Somerville Elder Servs., C.A. No. 00-12523-EFH (§ 2254 petition dismissed with prejudice); Viola v. Erickson, C.A. No. 01-11135-DPW (remanding); Erickson v. Nahigan, et al., C.A. No. 02-10918-JLT (remanding, plaintiff advised of Court's authority to enjoin); Erickson v. Bersani, et al., C.A. No. 02-11580-JLT (plaintiff directed to demonstrate good cause why she should not be enjoined; action dismissed under § 1915(e)(2)); Erickson v. State Racing Commission, et al., C.A. No. 04-11660-WGY (pending, filed

ANALYSIS

I.  The IFP Application Is Denied

Erickson seeks to file this complaint in forma pauperis, and has submitted the first but not the second page of the standardized form for applications for waiver of the filing fee. She has also failed to sign it. A party seeking in forma pauperis status must submit an affidavit that includes a statement of all of the litigant's assets. See 28 U.S.C. § 1915(a)(1). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee that solicits the requisite information needed to make an in forma pauperis determination. Because the application is incomplete and has not been signed under penalty of perjury, I deny it.

II.   The Court May Screen This Action Pursuant to Sections 1915

A complaint filed by a plaintiff in forma pauperis may be dismissed "at any time" if the Court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b). Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity or involve the infringement of a legal interest which clearly does not exist. See Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (interpreting the former § 1915(d)); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992) ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction).

Plaintiff's claims lack an arguable basis in law because (1) certain of the defendants are immune

---

on July 26, 2004).

from suit; (2) an appointed defense attorney is not a "state actor" for purposes of Section 1983; (3) respondeat superior is an invalid theory of Section 1983 liability; and, (4) in any event, under the "favorable termination" rule Erickson may not challenge her pending criminal proceedings via a civil rights action.

A. The Commonwealth and the State Officer Defendants in Their Official Capacities Have Eleventh Amendment Immunity

Plaintiff's Section 1983 claims against the Commonwealth and claims for damages against the defendants who are state officials in their official capacities[3] are barred by the Eleventh Amendment.[4] Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam) (11th Amendment generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit.) Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983).

Here, the Commonwealth has not consented to suit, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's

---

[3] As discussed below, appointed defense attorneys are not "state actors" for purposes of Section 1983.

[4] The Eleventh Amendment to the United States Constitution provides that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

Eleventh Amendment immunity), nor did Congress, in enacting Section 1983 intend to abrogate the immunity afforded by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 344 (1979). Thus, the Eleventh Amendment bars plaintiff's Section 1983 claims against the Commonwealth. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).

Similarly, the Eleventh Amendment confers immunity from suit upon state officials when "the state is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury ..., or interfere with the public administration...." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102, n. 11 (1984) (citations omitted); accord Hafer v. Melo, 502 U.S. 21, 25 (1991) (same). Therefore, to the extent that plaintiff seeks monetary relief from any of the defendants who are state officials in their "official" capacities, the Eleventh Amendment bars relief and plaintiff's claims against defendants in their official capacities are subject to dismissal. Pennhurst, 465 U.S. at 101-102 (stating that "as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."); accord Will, 491 U.S. at 71 (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office).

B. Absolute Judicial Immunity and Prosecutorial Immunity

Erickson names the Chief Justice of the Supreme Judicial Court as a defendant, but no allegation in the complaint refers to this defendant. Even if this omission were not fatal to her claims against this defendant, the claims are also precluded because judges are entitled to absolute judicial

5

immunity. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process). Thus, plaintiff's claims against this defendant shall be dismissed.

Judicial immunity also extends to prosecuting attorneys acting within the scope of their official duties. Imbler v. Pachtman, 424 U.S. 409, 422 (1976). Plaintiff's claims against the state Attorney General, the Suffolk County district attorney and an assistant district attorney, are all premised on plaintiff's criminal prosecution. Because these defendants are also entitled to absolute immunity, plaintiff's claims against them also must be dismissed. Imbler, 424 U.S. at 422.

### C. Public Defenders Are Not State Actors

Plaintiff's claims against the CPCS and its directors are based on their alleged failure to provide her with effective legal services. A public defender does not act under the color of state law in performing a lawyer's traditional function as counsel to an indigent defendant and therefore cannot be sued under Section 1983 as an agent of the state. Polk County v. Dodson, 454 U.S. 313, 471 (1981); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (same). Thus, plaintiff's claims against the CPCS and its directors and officers are subject to dismissal. Polk County, 454 U.S. at 471.

### D. Respondeat Superior

Moreover, Erickson's theory of liability for virtually all of the defendants is that they "responsible" for the actions and "supervision and training" of other persons. See Compl. p. 1-2. Because liability under Section 1983 is direct, not vicarious, Erickson's claims against all of the

defendants fail on this basis as well. See, e.g., Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no respondeat superior liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); accord Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987) (same); Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

### E.. The "Favorable Termination" Rule

A final, fatal flaw of plaintiff's claims is that they are barred by the "favorable termination" rule because the success of this suit would effectively invalidate Erickson's pending criminal proceedings. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence. Heck, 512 U.S. at 486-487. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Id. at 486.

The "favorable termination" rule of Heck has been applied to suits by defendants challenging their pending criminal proceedings. See Nelson v. Doe, No. 04 C 2365, 2004 WL 1558810, at *1 (N.D. Ill. June 22, 2004) (dismissing defendant's claims about effectiveness of his public defenders); accord Gill v. State of Texas, No. Civ. A. 503CV-298-C, 2004 WL 852285, at * 3 (N.D. Tex. Apr.

21, 2004) (dismissing claims that defense counsel was ineffective in pending criminal proceedings). Thus, all of plaintiff's claims are subject to dismissal on these grounds as well. See, e.g., Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998) (dismissing suit alleging that police officers and prosecutor "conspired" to convict prisoner); White v. Gittens, 121 F.3d 803, 806 (D. Mass. 1997) (suit contending that state parole revocation was constitutionally invalid barred by Heck).

III.  The Remaining State-Law Based Claims

Because plaintiff's federal claims are being dismissed against the defendants, grounds do not exist for independent federal subject-matter jurisdiction over any state-law claims in plaintiff's complaint. Of course, in the absence of such jurisdiction, the Court may still exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a). The exercise of such jurisdiction, however, is discretionary, United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), and a federal court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial. Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); accord Rose v. Baystate Med. Ctr., Inc., 985 F. Supp. 211, 218-219 (D. Mass. 1997). I decline to exercise supplemental jurisdiction.

IV.  The Motions For Injunctive Relief

Establishing a likelihood of success on the merits is "critical" to a successful application for preliminary injunctive relief, and a party who is unable to convince the trial court that they will probably succeed on the merits is not eligible for interim injunctive relief. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). Thus, a request for injunctive relief may be denied for failing to demonstrate a

likelihood of success standing alone.  See New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002).  For the reasons stated above, the Complaint is ripe for dismissal and Erickson has failed to establish a likelihood of success on the merits for her motion for injunctive relief.  New Comm Wireless Servs., Inc., 287 F.3d at 13.

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees and motions for a preliminary injunction and a "short order" hearing are DENIED.  This action is DISMISSED as lacking an arguable basis in law under 28 U.S.C. § 1915(e)(2).

SO ORDERED.

Dated at Boston, Massachusetts, this 22nd day of November, 2004.


/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE