UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-CV-11659 RCL

HEIDI K. ERICKSON
Plaintiff

MOTION TO VACATE

COMMITTEE FOR PUBLIC COUNSEL SERVICES (CPCS), ET AL
Defendants

1. The Plaintiff, Ms. Heidi K. Erickson, files this pleading *pro se* while she both cannot afford nor have been able to find a lawyer because no lawyer will take on this case do to concerns of retaliation from Defendants especially Marshall who has undue and excessive influence in the Court systems (both federal and state) in Massachusetts and her employees* (Defendants).

2. Erickson files this Motion while suffering the afflictions of dyslexia a disability recognized by a Specialist at Harvard University requiring accommodations as to language and writing; recognized by the definitions as promulgated by the Americans with Disabilities Act applicable as to the Defendants who are public accommodations and responsible under theories that this Courts understands in ways more then your pro se Plaintiff, requiring it to provide her with effective counsel while it choose to prosecute her for a crime she did not committee in the Commonwealth of Massachusetts. Pro se's dyslexic pleadings maybe grammatically flawed, may have missing endings to sentences, may have misspelled words that are not recognized by a computerized spell checker (see Motion to Reconsider 04-CV-10629 DPW Erickson vs. Wuenschel (mentioned in Lindsey's Memorandum and Order but purposely miss-cited as Erickson vs. Somers by Judge Lindsey in an attempt to corroborate with the biased and abusive adjudication that several judges of this jurisdiction are imposing upon Plaintiff in a covert attempt to favor their judicial neighbors in the Massachusetts Trial Court) therein describing a few examples of the problems associated in dyslexic writing and other flaws not obvious to the writer and reader.)).

1

## CLERICAL ERROR
## DISMISSAL UNDER 28 USC sec 1915(a)(1) NOT WARRANTED

3. The One obvious fact and the reason for this Honorable Court to Vacate it's Orders to Dismiss is that Erickson's complaint should not have been dismissed *sua sponte* or otherwise for a CLERICAL ERROR. In Judge Lindsey's Order and Memorandum issued 4 months after Plaintiff filed seeking immediate relief from the irreparable harms His Analysis page 3 Judge Lindsey gives as His reason "the application is incomplete and has not been signed under penalty of perjury, I deny it." Pursuant to 28 USC sec 1915(a)(1).

4. Erickson attaches hereto her Affidavit (exh. 1) and appends a completed Federal District Court form Motion/Affidavit to Proceed In Forma Pauperis on this Court's own preprinted materials. In her Affidavit at (exh. 1) she attests to the fact that while she was suffering incapacitating stresses in July 2004 (the date she filed this Complaint and original preprinted court IFP forms that this Court's Pro Se Clerk gave her to file) the deadly stresses in part caused by Defendant's and in part caused by this Court's biased adjudication (see 04-CV-10629 supra) she was told by this Court, to fill out the IFP form provided by THIS COURT, and when she had questioned the *Pro Se Clerk at* intake as to this paper the clerk's response "everything is here" and 1 month later she spent 20 minutes on the telephone with Judge Lindsey's Court room Clerk as to the pleadings and status of the case, she and again was told ^BY THIS COURT, nothing as to any imperfections, incompleteness or lack of signatures on any pleadings especially the IFP pleading which is the basis of this rather unscrupulous dismissal and questionable adjudication process and is the basis for the case to be initially docketed -- which it did. By Judge Lindsey's Order to basically reverse the previously ordered allowance for Plaintiff to proceed IFP and then to not clarify it's a CLERICAL MISTAKE not caused by Plaintiff and that this mistake is correctible raises questions of fair adjudication. This Court has acted in a discriminatory and abusive manner to prevent her access to it. BuT THIS CLERICAL MISTAKE, BY THIS COURT, ALSO GROUND TO SUPPORT VACATING ORDERS TO DISMISS, ESPECIALLY BECAUSE THE CLERICAL ERROR WAS CAUSED BY THIS COURT AND THIS LITIGATION HAS NOT YET BEGUN!

2.

5. On July 28th, 2004 ~~she~~ PLAINTIFF demonstrated the sever incapacity by being manipulated by the pro se Clerk who initially handled the filing of this suit who failed to give Plaintiff the proper Informa Pauperis preprinted materials. Instead this said clerk gave Plaintiff a one-sided document proposing it to be the necessary MATERIAL ISSUE BY THIS COURT filing, took it and filed it without hesitation and presented it to this Honorable Court just to have it dismissed – A CLERICAL ERROR.

6. Therefore Plaintiff had filed this law suit in good faith requesting to proceed *informa pauperis* and failing to perfect the Affidavit by signature, not identified by her nor the Pro Se Clerk, is not a fatal mistake but a CLERICAL ERROR that this filing and/or any other this Court orders Plaintiff to perfect should vacate the Orders issued on 11/17/04.

7. Plaintiff's pleadings maybe difficult to interpret because of her dyslexia and demonstrably so as it took the District Court 4 months to decipher the claims made therein not only herein but in another case. See 04-cv-11659 RCL and Orders issued on 11/22/04. If it is not a difficulty of interpretation, then the length of time to review a Complaint such as Plaintiff's who is left without an attorney being prosecuted in the state court on criminal charges facing imprisonment, judicial misconduct, biased and police misconduct – Plaintiff being left without the protection of an attorney when the Constitution is clear on the state's responsibility and this Court's responsibility to protect the Constitution – Plaintiff is being prejudiced by this Court and this Court should Order a change of venue to a different District Court of Plaintiff's Choosing. 6 months of no protection of Plaintiff's Constitutional rights!!!, this Court has, as the ACTUALLY 17.5 MONTHS record demonstrates repeatedly deprived Plaintiff a fair, unbiased review while this Court's member too close to adjudicate fairly upon it's neighbors in the Trial Court of Massachusetts.

3.

## QUALIFIED IMMUNITY
## DISMISSAL UNDER 28 USC 1915(e)(2)(b) NOT WARRANTED

8. Judge Lindsey's Order and Memorandum discusses dismissing Erickson's complaint under 28 USC 1915(a)(1) and under 28 USC 1915(e)(2)(b) but fails to elaborate which section it relies upon to define the dismissal under. In addition, Judge Lindsey finds "Plaintiff's claims lack an arguable basis in law because (1) certain of the [D]efendants are immune from suit ; (2) an appointed defense attorney is not a state actor for purposes of Section 1983; (3) respondeat superior is an invalid theory of Section 1983 liability; and (4) in any event, under the "favorable termination" rule Erickson may not challenge her pending criminal proceedings via a civil rights action." (see Memorandum and Order at page 4) in error according to case law, previously settled in the First Circuit, and the US Supreme Court, based on fairly similar set of facts.

### FIRST

9. Judge Lindsey's findings are in itself filled with errors and/or findings inconsistent with those cases using the same grounds for dismissal. In addition, to dismiss based on either under 28 USC 1915(a)(1) or 28 USC 1915(e)(2)(b) but not both demonstrates that even Judge Lindsey unclear or unsure as to which section applies, unless as Plaintiff argues herein Judge Lindsey knew that neither apply but both provide a smoke screen to emphasize the problems with clarity as 1915(a)(1) is (Lack of IFP motion) basically a CLERICAL ERROR and grounds for a reversal and allowance of a motion to vacate, vacating the decision while the other (an answer to 1915(e)(2)(b)) will cause Plaintiff a great deal of hardship as it requires a written response and delay is easily assumed a result. (ARGUMENT on QUALIFIED IMMUNITY IS NOT AN APPLICABLE DEFENSE REQUIRES LITIGATION).

### SECOND

10. Defendant's argument as Judge Lindsey applies it for them, ^FROM DEFENDANTS without receiving it, may include the faulty claim of immunity. Although this will fail in a Court of fair adjudication despite "[t]he qualified immunity defense present[ation of] thorny problems in civil rights litigation. Substantively, in its current formulation, qualified

4.

immunity will be available when a reasonable official would not have known that his actions would violate a constitutional right that was "clearly established" at the time of the incident". Plaintiff has a clear right to 6th Amendment protections PROVIDED BY THE STATE to a state + DEFENDANTS. provided attorney OF THOSE protections created by the 4th, 5th and 14th Amendments.

11. When the State failed to provide Plaintiff, denied her a right to a attorney IN July 2004 provided by the IN 2003-7 WITH AN ATTORNEY the state who was competent IN adequately trained and ILL equipped and IN effective the state 2004 denied Plaintiff her 6th Amendment rights it knew would violate her constitutional protections.

## ARGUMENT

28 USC 1915(a)(1)

12. 28 USC 1915(a)(1) isn't applicable as Plaintiff is qualified to receive a favorable determination as to 1915 (a)(1) she is unemployed, has no income nor assets other then her education which apparently is not liquidable and otherwise qualified and has appended a signed, attested completed IFP form while arguing herein that due to a clerical error this proper paper was not filed or the second page was lost. Now ATTACHES A Proper IFP form.

13. 28 USC 1915(a)(1) states in pertainent part:

14. In Plaintiff's original IFP form, supplied by this Court the second page is missing, normally this courts preprinted IFP form is double sided, the form Plaintiff filed out, provided by this Court has only one side, and therefore a second page ~~must have been~~ lost ❧ not provided to Plaintiff. While Plaintiff filed out the necessary paperwork provided to her by this court no clerk determined that her filings were incomplete at the time of submission therefore one must conclude that a clerical error had occurred. OR A CONSPIRACY AT HAND.

28 USC 1915(e)(2)(b)

15. 28 USC 1915(e)(2)(b) states in pertainent part:

5.

## QUALIFIED IMMUNITY DISMISSAL NOT WARRANTED

16. Assuming for the sake of argument that Judge Lindsey's finding under his theory to dismiss pursuant to 28 USC 1915(e)(2)(b) was based as His findings suggest at page 4 "**certain**" unnamed "defendants are immune from suit" emphasis is added that these unnamed defendants are not all the defendants named in the Complaint/\Lindsey [who are they? only Lindsey knows.] continues by adding "an appointed attorney is not a state actor" (although no appointed attorney is named a defendant in the Complaint) while it is common knowledge that appointed attorneys in the Commonwealth of Massachusetts are appointed and screened by the state agency who is named defendant (ei.CPCS) and these appointed attorneys receive benefits and wages from the Commonwealth of Massachusetts Judge Lindsey's facts seem to be foundationless as to the finding that appointed attorneys are not "state actor".

17. Lindsey's findings include another selective argument that respondeat superior is an invalid theory" to those other unnamed defendants and then adds a quote "favorable termination" while referring to it as a "rule" without citing what rule or where this quote comes from. All in all Lindsey's findings are not clear. Pro se Plaintiff wonders if the referred to "favorable termination rule" is that judicially created doctrine of abstention as it appears from further findings in Judge Lindsey's Memorandum "Erickson may not challenge her pending criminal proceedings via a civil rights action" suggests that Erickson protected 6th Amendment Rights will not be protected by this Court! Erickson is not a trained lawyer and her pleadings cannot be considered impervious to judicial thought, experience and training as to what grounds Erickson facts set the arena of claims despite the fact that her dyslexic pro se pleadings fail to elaborate in clear legalism as a trained lawyer would articulate her claims, thereby failing to protect Plaintiff's interest smacks of bias. To render adjudication strictly on the pro se failure to use legalism when the articulated facts enlighten the fact finding as to her claims, bias and an abuse of discretion limiting or denying Plaintiff from access to a fair and impartial court system. is Demonstrated.

6.

18. In addition abstention is not applicable when there has been bad faith on the part of the state courts as explained in Erickson's complaint that she is unable to seek redress as to her rights to constitutional protects in the state courts therefore abstention inapplicable.

## DISMISSAL FOR ABSTENTION NOT WARRANTED

19. Arguement on abstention isn't applicable either as there has been facts to supports bad faith actions documented and available not all inclusive of those in the original Complaint, but others as referred to in (o4-cv-11607, and its associated continued course as 04-MBD- ) (04-cv-    Erickson vs. State Racing Commission Et al including Defendant Thomas Reilly and the Office of Attorney General) continually being committed by Defendants including those facts and actions noted in 04-cv-11659 *Supra* The US Supreme Court has emphasized its narrow use of the abstention doctrine by the use of the words *exception*, and *limited* in its historic case reviewing the applicability of abstention "[A]bstention is the **exception** and not the rule, abstention from the exercise of federal jurisdiction is appropriate only in certain **limited** circumstances. *Colorado River Water Conservation District v. United States*, 424 US 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Abstention is a judicially-created doctrine [not legislation] under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have an opportunity to decide the matters at issue. *Heritage Farms, Inc. v. Solebury Township*, 671 F.2d 743 (3d Cir. 1982), cert. Denied, 456 US 990, 102 S. Ct. 2270, 73 L. Ed. 2d 1285 (1982). IN THIS CASE THE STATE COURT IS NAMED DEFENDANT AND AN OBVIOUS BIAS PARTICIPANT NOT QUALIFIED W/ IMMUNITY.

20. Under *Younger v. Harris*, 401 US 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), abstention is appropriate when federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to criminal proceedings, or collection of state taxes, however, Younger abstention is not appropriate if the federal plaintiff can establish that the state proceedings are being undertaken in bad faith, or if there are other extraordinary circumstances, such as where the state proceedings are based on a flagrantly unconstitutional statute *id.* at 435 or unconstitutional actions like discrimination and deprivation of constitutional

7.

protections of the 6th Amendment as to the appointment of effective counsel in a criminal prosecution (Marshall has the ultimate responsibility to require the CPCS defendants to provide effective counsel and the escalating occurrences of malicious prosecution left unrestrained to intimidate witnesses, destroy evidence 911 taret tape, destroy animal evidence of crime before independent evaluation, destroy exculpatory evidence inside residence, etc., etc., etc.); in another case the deprivation of Erickson's 4th Amendment rights to privacy including constitutional protections from unwarranted search and seizures (See 03-cv-19785 Reilly et al); violations to due process (see 04-cv-10629) and appeal of Thomas verses Erickson Massachusetts Appeals Court were the trial judge denied Erickson her rights to cross-examination just as in the case See 03-cv-19785 Reilly et al filed shortly after this case naming defendant Kyriakakis again who denied Erickson her rights to cross-examine witnesses, failure to return property, deprivation of the 14th Amendment and malicious prosecution 5th Amendment violations. All these escalating actions of constitutional deprivations and bad faith have occurred as a result of this case filing all subsequent to March 10th, 2003. Younger abstention is not appropriate if the federal plaintiff can establish that the state proceedings are being undertaken in bad faith, or if there are other extraordinary circumstances, such as where the state proceedings are based on a flagrantly unconstitutional statute *id.* at 435 or unconstitutional actions *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 US 423, 431, 102 S. Ct. 2515, 73 L. ed. 2d 116 (1982)); *Anthony v. Council*, 316 F.3d 412 (3d Cir. 2003) and in *Associates in Obstetrics & Gynecology v. Upper Merion Township* 270 F.Supp. 2d 633; 2003 US Dist. LEXIS 17468 citing *Middlesex, Supra.* at 432.

21. Abstention doesn't apply as a means to argue dismissal under any theory when the exceptions to the abstention doctrine precludes application of this doctrine in the light of bad faith, as is occurring with the case at bar and the numerous instances of denial and deprivations of due process and fair adjudication stemming from retaliation and conspiracy in Plaintiff's associated cases including 04-cv-11659. The application of the abstention doctrine pursuant to Younger and/or Rocker-Feldman arguably

inapplicable and based on the facts elicited in the Complaint sua sponte dismissal unwarranted and what is warranted and reasonable means to secure fair adjudication is a determination that the appeal of the July 9th, 2004 orders is deemed timely.

## 11th AMENDMENT IMMUNITY NOT WARRANTED

22. A verbose argument citing all the cases where 11th Amendment Immunity exsisted not applicable as in this case the Defendants actions knowingly wrong. A reasonable person would have appointed counsel to represent Plaintiff, the lack thereof, clearly knowingly wrong. ~~[struck through text]~~s.

## Section 1983 applicability and private right of action

23. Congress clearly stated its intention to abrogate the states' Eleventh Amendment immunity in at least Title II of the ADA "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. §12202.

24. Title II of the ADA constitutes a valid exercise of Congress's Section 5 power. To be valid under Section 5, Congressional enactments "must exhibit 'congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end.'" *Garrett*, 531 U.S. at 365 (quoting *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997)). In contrast to *Garrett*, and in accord with *Nevada Human Resources v. Hibbs*, __ U.S. __, 123 S. Ct. 1972 (2003), the legislative record supporting Title II sufficiently documents constitutional injuries by the states. Congress made explicit findings to that end. Moreover, shortcomings in existing laws justified Title II's enactment as did the US Supreme Court in its recent decision allowing a private individuals rights to sue for damages under it making the Courts previous 11th Amendment immunity null and void as an excuse to invalidate a private disabled citizen from relief as a form of defense to law suits much like Defendant claims is just not the way the US Supreme Court found it in *Lane Supra* (2004) and

9.

whether just one or two relevant facts support a suspension of the FRAP rules fairness and justice simplifies the action as reasonable.

25. Plaintiff has continuously preceded to protect her interests for proper judicial review despite being incapacitated and should not be prejudiced as a result of illness in light of intent otherwise Defendants not all inclusively are wrongly favored and encouraged to physically harm their Plaintiffs as a successful strategy.

26. The Supreme Court has held that when deciding to sua sponte dismiss a pro se litigant's complaint "the facts and inferences of Plaintiff are to be considered in the light most favorable" to Plaintiff and therefore are to be considered fact. Plaintiff is not a lawyer nor is she expected to write like one and to name all applicable theories known to a Judge, her pro se and dyslexic facts state a claim upon which relief maybe granted despite the fact that she failed to give the accurate and detailed theory as applied and understood by judges.

27. The named defendant's are not immune under the doctrine of qualified immunity and therefore deny Plaintiff a court appointed defense counsel, while Plaintiff and has meet the standards currently used by the Federal Courts to proceed *in forma pauperis* as she is both economically unable to afford the fees involved in securing proper adjudication and review if required to prepay the filing fees of this court and would deprive herself necessary food, shelter and/or other life sustaining necessities together without being able to currently secure effective representation while the state prosecutes her at the Boston Municipal Court.

28. Clearly, and apparently with the aid of this Court the Defendant's are depriving Plaintiff of Constitutional protections.

29. A full hearing is required on a Preliminary Injunction on short notice as everyday Ms. Erickson is in fear for her life, safety, liberty and being deprived her constitutional protections this Court is responsible and commissioned to protect.

## CONCLUSION

30. Defendants, refusing to appoint effective counsel, conspiring with the each other in an attempt to do as much damage, harm and constitutional deprivation upon Ms. Erickson she requests that this Court enjoin the Boston Municipal Court and that this Court assign her federal defense counsel.

31. Thus to avoid irreparable injury to the Plaintiff, continued constitutional wrongs she requests that this Honorable Court for the issuance of a short order to return to hear Plaintiff's Motion for Preliminary Injunction.

THEREFORE for the reasons stated hereinabove, this Honorable Court should vacate it's Orders of 11/17/04 and Order any and all other relief its deems just, fair and recognizable.

Respectfully submitted by:

Heidi K. Erickson, *pro se*     By signature herein I attest that the facts herein are true under the pains
*and penalties of perjury*

December 27th, 2004

11.

# UNITED STATES DISTRICT COURT

_____ District of _____

Glen L. Erickson
Plaintiff

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

V.

Commonwealth of MA General Services
(CMGS) et al.
Defendant

CASE NUMBER: 04-cv-11659-RCL

I, _Glen L. Erickson_ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant      ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?     ☐ Yes     ☑ No     (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _N/A_  Do you receive any payment from the _N/A_

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?     ☐ Yes     ☑ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
   _12 months ago (unknown)_

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment     ☐ Yes     ☑ No
   b. Rent payments, interest or dividends              ☐ Yes     ☑ No
   c. Pensions, annuities or life insurance payments    ☐ Yes     ☑ No
   d. Disability or workers compensation payments       ☐ Yes     ☐ No   _SSDI & EAEDC_
   e. Gifts or inheritances                             ☐ Yes     ☑ No
   f. Any other sources                                 ☐ Yes     ☑ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.
   _SSDI is a disability income of $860 month_

4. Do you have any cash or checking or savings accounts?   ☐ Yes   ☒ No

   If "Yes," state the total amount. 

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☒ Yes   ☒ No

   If "Yes," describe the property and state its value.

   My education is my only asset of value.
   I do not own any real estate. Value unestimated.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.   Self

I declare under penalty of perjury that the above information is true and correct.



12/27/04
Date

Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.